IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI A. CRAIG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 11-215J |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 28th day of January, 2013, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending application for benefits on November 13, 2009, alleging a disability onset date of May 12, 2009, due to back pain, fibromyalgia, obesity, sleep apnea and depression. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on October 18, 2010, at which plaintiff, represented by counsel, appeared and testified. On November 24, 2010, the ALJ issued a decision finding that plaintiff is not disabled. On July 15, 2011, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 48 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §404.1563(c). She has at least a high school education and has past relevant work experience as a school aide, but she has not engaged in any substantial gainful activity since her alleged onset date.[1]

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ

---

[1] The ALJ noted that although plaintiff had worked part-time since her alleged onset date, her work activity did not rise to the level of substantial gainful activity under the regulations. (R. 13).

concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of spinal degeneration, obesity, fibromyalgia, sleep apnea and depression, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in work at the sedentary exertional level but with a number of restrictions accounting for the limiting effects of her impairments. (R. 15). Taking into account those restrictions, a vocational expert identified numerous categories of jobs which plaintiff can perform based upon her age, education, work experience and residual functional capacity, including appointment clerk, telephone information clerk and clerical customer support person. Relying on the vocational expert's testimony, the ALJ found that although plaintiff cannot perform her past relevant work she is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is

not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[2] 20 C.F.R. §404.1520. If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises but a single challenge to the ALJ's determination that plaintiff is not disabled, specifically, that the ALJ improperly evaluated plaintiff's credibility in regard to her allegations of debilitating pain. Upon review, the court is satisfied that the ALJ properly evaluated plaintiff's credibility and that the ALJ's credibility finding is supported by substantial evidence.

---

[2] The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §404.1520a.

It is well-settled that a claimant's allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §404.1529(c), and that an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. <u>Schaudeck v. Commissioner of Social Security</u>, 181 F.3d 429, 433 (3d Cir. 1999); <u>see also</u> SSR 96-7p.

Here, the ALJ found that while plaintiff's impairments reasonably could be expected to cause plaintiff's alleged symptoms, her statements concerning the intensity, persistence and limiting effects of her symptoms were not credible to the extent they were inconsistent with the medical evidence and the descriptions of her activities. (R. 16). The ALJ did a thorough job in his decision discussing all of the relevant objective medical evidence and explaining why plaintiff's statements concerning the "intensity, persistence and limiting effects of her symptoms" were not supported by that objective medical evidence.[3] (R. 15-17).

---

[3] Plaintiff contends that her subjective allegations are supported by a pain management specialist, Dr. Cousins, who diagnosed her with persistent pain and back problems and treated her with steroid injections, physical therapy and pain medications. (R. 213-218). However, while noting that plaintiff complained of persistent pain, in those same records Dr. Cousins also noted that the results of an MRI were "fairly modest." (R. 218). The ALJ also set forth in detail all of the objective medical findings in the record, including those from Dr. Cousins, which were contrary to plaintiff's subjective complaints and the ALJ's conclusion that plaintiff's allegations of totally disabling symptoms are not supported by that objective medical evidence is supported by substantial evidence.

In assessing credibility the ALJ correctly considered plaintiff's subjective complaints in light of the medical evidence and all of the other evidence of record. 20 C.F.R. §404.1529(c); see also SSR 96-7p. The ALJ adhered to the appropriate standards set forth in the regulations and SSR 96-7p and adequately explained the reasons why he found plaintiff's statements not fully credible. The court is satisfied that the ALJ's credibility finding is supported by substantial evidence.

Moreover, while it is true, as plaintiff now asserts, that sporadic and transitory activities cannot be used to show an ability to engage in substantial gainful activity, see Fargnoli, 247 F.3d at 40, n.5, the ALJ did not do so here. Instead, in determining plaintiff's residual functional capacity, the ALJ properly considered plaintiff's allegations in light of not only her activities of daily living but also in light of the medical evidence, and concluded that plaintiff's daily activities "show an ability to perform some work-related functions." (R. 16). Thus, rather than relying on plaintiff's activities to show an ability to engage in substantial gainful activity, the ALJ merely considered those activities as being contrary to plaintiff's allegations of totally debilitating symptoms.

It also is important to note in this regard that while the ALJ did not find plaintiff's subjective complaints entirely credible, he did accommodate plaintiff's allegations as to the limitations arising from her impairments to the extent those allegations were supported by the medical and other evidence by

limiting her to sedentary work with numerous restrictions. (R. 15). It is only to the extent that plaintiff's allegations were not so supported that the ALJ found them to be not credible.

Plaintiff's contention that her subjective complaints are entitled to "substantial credibility" because of her long work history also is unpersuasive. The testimony of a claimant with a long, productive work history may be given substantial credibility with regard to her work-related limitations but only when those limitations are supported by competent medical evidence. See Dobrowolsky v. Califano, 606 F.2d 403, 409 (3d Cir. 1979). Although a claimant's work history is one of many factors the ALJ is to consider in assessing an individual's subjective complaints, 20 C.F.R. §404.1529(c)(3), the ALJ is not required to equate a long work history with credibility. See, Christl v. Astrue, 2008 WL 4425817, *12 (W.D. Pa., Sept. 30, 2008).

Thus, a claimant's work history alone is not dispositive of credibility. Here, the ALJ clearly was aware of plaintiff's work history as plaintiff testified about it at the hearing (R. 27-29) and the vocational expert referenced it in his testimony as well. (R. 39). However, in assessing plaintiff's credibility the ALJ considered the record as a whole, and, based on his review of all the evidence, properly concluded that the medical evidence does not support plaintiff's subjective allegations of totally debilitating pain. Accordingly, plaintiff's work history in and of itself is insufficient to overcome the objective evidence refuting plaintiff's allegations of debilitating limitations.

Finally, to the extent plaintiff contends that her allegations of totally disabling symptoms are consistent with her diagnosis with fibromyalgia,[4] and suggests that the ALJ therefore improperly relied upon a lack of objective findings to deny her claim, the court finds this argument to be without merit.

Plaintiff is correct that it would have been improper for the ALJ to reject plaintiff's claim for benefits due to fibromyalgia <u>solely</u> due to the absence of "objective laboratory findings." As several courts have recognized, there are no laboratory tests for the presence or severity of fibromyalgia, and the disease can only be diagnosed by elimination of other medical conditions which may manifest like symptoms of musculoskeletal pain, stiffness, and fatigue. See, e.g., <u>Sarchet v. Chater</u>, 78 F.3d 305, 306 (7th Cir. 1996) ("There are no laboratory tests for the presence or severity of fibromyalgia. The principal symptoms are 'pain all over,' fatigue, disturbed sleep, stiffness ... and multiple tender spots, more precisely 18 fixed locations on the body ... that when pressed firmly cause the patient to flinch."); <u>Preston v. Secretary of Health and Human Services</u>, 854 F.2d 815, 819 (6th Cir. 1988) ("There are no objective tests which can conclusively

---

[4] The only symptoms of fibromyalgia are a history of widespread pain and pain in eleven of eighteen tender point sites on digital palpitation. American College of Rheumotology, <u>1990 Criteria for the Classification of Fibromyalgia</u>. Fibromyalgia is "recognized by the typical pattern of diffuse fibromyalgia and nonrheumatic symptoms (e.g. [sic], poor sleep, anxiety, fatigue, irritable bowel symptoms), by exclusion of significant contributory or underlying diseases (e.g. [sic], generalized osteoarthritis, RA, polymyositis, polymyalgia rheumatica, other connective tissue disease), and by exclusion of psychogenic muscle pain and spasm." Merck Manual at p. 481.

confirm [fibromyalgia], rather it is a process of diagnosis by exclusion and testing of certain 'focal tender points' on the body for acute tenderness.").

Because of the unavailability of objective clinical tests to <u>confirm a diagnosis</u>, fibromyalgia poses unique difficulties in the social security context. However, in this case, the ALJ did <u>not</u> base his finding of not disabled on the lack of objective findings to support a diagnosis of fibromyalgia. In fact, the ALJ found that plaintiff's fibromyalgia is a severe impairment. However, it is a well-established maxim of social security law that disability is not determined merely by the presence of an impairment, but by the effect that impairment has upon the individual's ability to perform substantial gainful activity. <u>Jones v. Sullivan</u>, 954 F.2d 125, 129 (3d Cir. 1991).

Here, the ALJ found plaintiff not disabled because the evidence as a whole does not support a finding that plaintiff's fibromyalgia, alone or in combination with her other impairments, results in limitations precluding her from performing any substantial gainful activity. To the extent that limitations arising from fibromyalgia are supported by the record as a whole, the ALJ incorporated such limitations into his residual functional capacity finding. The court finds no error in the ALJ's evaluation of plaintiff's disability claim based on fibromyalgia.

In sum, the record demonstrates that the ALJ adhered to the appropriate standards in evaluating plaintiff's credibility, and it is not this court's function to re-weigh the evidence and

arrive at its own credibility determination. Rather, this court must determine only whether the ALJ's credibility determination is supported by substantial evidence, and the court is satisfied in this case that it is.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*/s/ Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Cynthia C. Berger, Esq.
    Berger & Green
    5850 Ellsworth Avenue
    Suite 200
    Pittsburgh, PA 15232

    Kelie C. Schneider, Esq.
    420 Pearl street
    Pittsburgh, PA 15224

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    200 Penn Traffic Building
    319 Washington Street
    Johnstown, PA 15901